UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------------X
                                                       :
ANNA M. FARION.,                                       :
                                                       :
                               Plaintiff,              :
                                                       :
           -v-                                         :
                                                       :
BRIAN R. EZZO and ANGELO EZZO,                         :
                                                       :
                               Defendant.              :
                                                       :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2020

19-cv-5477 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on June 12, 2019. The docket does not contain a certificate of service and no Defendant has appeared. The Court scheduled and held an Initial Pretrial Conference for August 25, 2020 at which no party appeared. Subsequently, the Court issued an order, at Dkt. No. 8, rescheduling the Initial Pretrial Conference for September 17, 2020, and indicating that if Plaintiff did not appear at the rescheduled conference, the case would be dismissed for failure to prosecute. Plaintiff did not appear at the September 17, 2020 conference.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack

of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff appears not to have made service on Defendant within 90 days, as is required by Federal Rule of Civil Procedure 4(m). Plaintiff has not prosecuted its case at all for more than 14 months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id*. (collecting cases). Plaintiff was given notice in the Court's order at Dkt. No. 8 that failure to appear at the September 17, 2020 conference would result in dismissal. Although there is no specific evidence on the record that delay will prejudice Defendant—indeed, there is no record beyond the Complaint and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . failures to appear at

court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 17, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge